LARS THOMPSON and Another v. ED. F. TROWE and Others.[1]

February 14, 1901.

Nos. 12,377—(219).

### Highway on Section Line.

A petition and order for the laying out of a public highway, which describe the proposed road as being upon a section line between certain designated and named sections, are sufficiently definite and certain, and are not rendered uncertain or indefinite by evidence aliunde that the precise location of such section line is in dispute between interested parties.

### Disputed Location—Evidence.

Evidence *held* not to show a "practical location" of such section line at a point at variance with the line fixed and established by the findings of the court, sufficient to bind the public.

### State v. Leslie Followed.

State v. Leslie, 30 Minn. 533, followed, to the effect that the order assessing damages in proceedings laying out a highway sufficiently complies with the statute.

Action in the district court for Steele county to recover $300 damages for trespass. The case was tried before Buckham, J., who found in favor of defendants. From a judgment entered pursuant to the findings, plaintiffs appealed. Affirmed.

*Sawyer & Sperry* and *Harlan E. Leach*, for appellants.

*E. W. Richter* and *P. McGovern*, for respondents.

BROWN, J.

Action for damages for trespass to real property. Defense, that the locus in quo was a public highway. The cause was tried in the court below without a jury. Defendants had judgment, and plaintiffs appeal. The trial court found that the place where the defendants are charged with having trespassed was a public highway, duly laid out and established as such, and this finding is challenged and assigned as error.

The facts are as follows: In the year 1869 a petition for the

[1] Reported in 85 N. W. 169.

location of a highway was duly presented to the town board of supervisors of the town in which the land in question is situated, praying that a highway be laid out and established on the section line between sections 3 and 10 and 4 and 9 in said town, or "as near as practicable." The petition was granted, the highway laid out, and ever since has been traveled, worked, and improved as such. A controversy seems to have subsequently arisen as to the true section line, and as to whether the highway had been in fact located thereon, and a petition for the location of a new road was duly presented to the same town board in 1899,—thirty years after the presentation of the former petition,—praying that a highway be laid out on the section line between the same sections; but the words, "or as near as practicable," found in the first petition, are omitted. This petition was also granted, the road ordered laid out, and defendants, acting as officers of the town, undertook to open and improve it, and this action was brought against them for trespass, upon the theory and claim that the proceedings in 1899 were a nullity. Appellants own the land over which the new road extends. The section line was fixed by surveys (in the second proceeding) at a point south of the old road.

1. It is claimed by appellants that, because the section corner post between the sections in question has become lost, the section line cannot be located on the ground, and that for this reason the description of the proposed highway as contained in the petition and order last referred to is indefinite, uncertain, and insufficient to confer jurisdiction to lay out the road. The contention cannot be sustained. While it may be true that the section corner has became lost, it can be relocated, and the section line established, by proper survey. A petition and order for a public highway which describe the proposed road as being upon a section line between certain designated sections are as definite and certain as can ordinarily be made on paper. Such a line is well known in the law, may be ascertained by a survey where there are no posts or monuments on the ground to point it out, and is as definite and certain as though the description pointed out the road by courses

and distances,—rods, chains, and links. The petition and order here in question are sufficient. See G. S. 1894, § 1875.

2. Appellants also contend that the former road was intended to be located on the section line, was so understood by all interested parties, and that by reason of the fact that it was so located and has been used and improved as a highway for thirty years there is a practical location of the section line, by which the public and all parties concerned are bound. This position is not sound, for the reason that there is nothing to show that the former highway was in fact laid out on the section line, or upon what was then understood to be such line. The order is not before us, and the petition for that road prayed for one to be located on such line, "or as near as practicable." It is possible that the former road was laid out on what was then understood as the section line, but the record before us does not show it, and the court below has found in effect that it was not. The rule of a practical location can, therefore, have no application.

3. It is claimed that the supervisors made no order assessing damages in connection with the proceedings in 1899, and that, in consequence of which, the proceedings are of no validity. The supervisors in fact made an order on the subject of damages by which they determined that the advantages and benefits to the land in question were equal to all damages. The land in question was described in the order, and the ownership thereof designated as being in the "heirs of G. Thompson." The order was sufficient, answers the requirements of the statutes on the subject of damages, and the designation "heirs of G. Thompson" was a sufficient statement as to the owners. Whether, if damages had been awarded to such heirs, it would have been necessary to separately name them, we need not determine. The benefits and damages being found equal, it is not important that the heirs were not separately named. No appeal was ever taken from the assessment of damages. The order sufficiently complies with the statutes. State v. Leslie, 30 Minn. 533, 16 N. W. 408. We have examined the evidence with care, and find it amply sufficient to sus-

tain the findings of the trial court, and the judgment appealed from must be affirmed.

Judgment affirmed.